## Hydraulic Engineering Works, Defendant in Error, v. Wittenberg Matzoh Company, Plaintiff in Error.

### Gen. No. 13,868.

1. APPEALS AND ERRORS—*when judgment of Municipal Court not affirmed by denial of supersedeas.* A judgment of the Municipal Court is not *ipso facto* affirmed by the denial of a *supersedeas,* where the judge upon denying such *supersedeas* enters an order to the effect that the denial of such *supersedeas* shall not operate as an affirmance of the judgment in question.

2. CONTRACTS—*when, for construction of machine, broken.* Where one party agrees to construct a machine for another pursuant to the ideas and subject to the approval of a party specified, the failure of such other to supply such ideas so as to enable the construction of the machine, constitutes a breach.

Assumpsit. Error to the Municipal Court of Chicago; the Hon. MAX EBERHARDT, Judge, presiding. Heard in this court at the October term, 1907. Affirmed. Opinion filed May 18, 1908.

BENJAMIN C. BACHRACH, for plaintiff in error.

McARDLE & McARDLE, for defendant in error.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

On application in vacation after the March term, 1907, a justice of this court refused to make the writ of error here sued out for the purpose of reversing a judgment of the Municipal Court for $273.30, a *supersedeas.* Under the terms of the Municipal Court Act such refusal would operate to affirm the judgment unless an order to the contrary was made. An order that the refusal to make the writ of error a *supersedeas* should not operate as an affirmance of the judgment being entered, brings the record for review before the whole court.

The cause was heard on oral argument and the briefs of the parties. After attentively listening to the oral arguments of the counsel and diligently reviewing the record and carefully reading the briefs, the court finds no sufficient reason justifying an interference with the judgment of the Municipal Court. There is one crucial, controlling question which disposes of the merits of the whole case. As to this there is no serious dispute. That question rests in the fact that a machine for making unleavened bread partaken of by Jews during their religious observance of the "Feast of the Passover" was to be constructed by defendant in error under the instruction and direction of Bernhard Levin, the inventor, and acceptable to him when completed. The contract in this regard provides: "This machine is to be made to the approval of Mr. B. Levin and according to his ideas." This clause made it incumbent upon plaintiff in error to furnish defendant in error Levin's ideas in some explicit and understandable form. This it failed to do in any form. Drawings from which the machine could have been constructed were refused on the ground of their

expense. A model of the machine which might have been used as a guide to construction was not furnished. The machine could not be builded upon the verbal directions and explanations of Levin, for they were not sufficiently intelligible or understandable for that purpose. Levin finally disposes of the whole question by admitting that the machine could not be finished according to his ideas from any instructions he had given or information furnished by him to defendants in error or to any one for them. Finally Levin quit the service of plaintiff in error, and from that time forth gave no directions and furnished no ideas for the further construction of the machine.

The failure to complete the machine is owing to no fault or dereliction of defendant in error. The completion of the machine was rendered impossible because the inventor, Levin, did not furnish the information essential to enable it to be completed. The failure of Levin in this regard is imputable to plaintiff in error, as under the contract it was incumbent upon it to see that Levin furnished such information. It follows that defendant in error being in no way responsible for the machine not being completed and delivered, is entitled to recover the fair value of all work and material done and furnished by defendant in error entering into the machine in its incomplete condition. This the Municipal Court accorded it in entering judgment upon the verdict of a jury who had determined the facts in favor of the claim of defendant in error.

With this result we see no valid reason to interfere. The merits and justice of the cause are plainly with defendant in error. There are no errors either in rulings on evidence, instructions to the jury or remarks by the court during the progress of the trial, which we can say injuriously affected the merits or impeded any meritorious defense proffered by plaintiff in error.

As the merits of the cause are with defendant in

error it is patent that the counter-claim of plaintiff in error is without merit, and such is our conclusion.

As there are neither errors of law nor of fact in this record affecting the merits of the controversy between the parties, the judgment of the Municipal Court is affirmed.

*Affirmed.*